# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: November 6, 2024

| | | |
|---|---|---|
| MARGARITA GALVAN, | * | UNPUBLISHED |
| Petitioner, | * | No. 22-455V |
| v. | * | Special Master Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Attorneys' Fees and Costs. |
| Respondent. | * | |

Emily Beth Ashe, Anapol Weiss, Philadelphia, PA, for Petitioner.
Mark Kim Hellie, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

On April 21, 2022, Margarita Galvan ("Petitioner") filed a petition in the National Vaccine Injury Program[2] alleging that as a result of an influenza ("flu") vaccination administered on October 22, 2020, she suffered from a Table injury of Guillain-Barré syndrome ("GBS") which thereafter developed into chronic inflammatory demyelinating polyradiculoneuropathy ("CIDP"). Petition at Preamble (ECF No. 1). On December 4, 2023, the undersigned issued a decision based on stipulation. Decision Based on Stipulation dated Dec. 4, 2023 (ECF No. 41).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On June 14, 2024, Petitioner filed an application for attorneys' fees and costs. Petitioner's Application for Award of Final Attorneys' Fees and Costs ("Pet. App."), filed June 14, 2024 (ECF No. 46). Petitioner requests compensation in the amount of $30,306.45,[3] representing $29,291.50 in attorneys' fees and $1,014.95 in costs. Id. at 4. Pursuant to General Order No. 9, Petitioner warrants that she has not personally incurred any costs in pursuit of her claim for compensation. Pet. App., Exhibit ("Ex.") C. Respondent filed his response on June 27, 2024, stating he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Respondent's Response to Pet. Mot., filed June 27, 2024, at 2 (ECF No. 47). Petitioner did not file a reply thereafter. The matter is now ripe for disposition.

Petitioner requests the following hourly rates for the work of her counsel: for Ms. Miriam Barish, $380.00 per hour for work performed in 2021, $400.00 per hour for work performed in 2023, and $420.00 per hour for work performed in 2024; and for Ms. Emily Ashe, $330.00 per hour for work performed in 2021, $350.00 per hour for work performed in 2022, $370.00 per hour for work performed in 2023, and $390.00 per hour for work performed in 2024. Petitioner also requests rates between $125.00 and $145.00 per hour for work of their counsel's paralegals performed between 2021 and 2024. The undersigned finds these rates consistent with what counsel have previously been awarded for their Vaccine Program work, and finds them to be reasonable herein.

The undersigned finds the rates are consistent with what counsel have previously been awarded for their Vaccine Program work, and finds them to be reasonable herein. The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable and will award them in full. Lastly, the undersigned has reviewed the requested costs and finds them to be reasonable and supported with appropriate documentation. Accordingly, the full amount of costs shall be awarded.

Therefore, the undersigned finds no cause to reduce the requested hours or rates, or the requested costs.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of Petitioner's request, the undersigned **GRANTS** Petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards:**

**A lump sum in the amount of $30,306.45, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Ms. Emily Ashe.**

---

[3] Petitioner's calculation was off by one cent.

2

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[4]

**IT IS SO ORDERED.**

<u>**/s/ Nora Beth Dorsey**</u>
Nora Beth Dorsey
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.